UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EMELYN GILLIAM, | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:20CV806 JCH |
| INTERTEK, USA, INC.[1], | ) ) ) |
|     Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss, filed August 21, 2020. (ECF No. 6). The motion is fully briefed and ready for disposition.

## BACKGROUND[2]

Plaintiff Emelyn Gilliam is a resident of the State of Alaska. (Compl., ¶ 3). Defendant Intertek, USA, Inc. is engaged in, among other things, the business of petroleum, fuel and chemical testing. (*Id.*, ¶ 5). At all relevant times, Plaintiff was employed by Defendant as a Laboratory Chemist at its Intertek/GPB Laboratory in Alaska. (*Id.*, ¶¶ 3, 7).

Plaintiff alleges that she often engaged in the performance of non-exempt work duties beyond 5:00 p.m. on weekdays, and on weekends, and thus routinely worked in excess of forty hours per work week. (Compl., ¶ 11). She claims that despite its knowledge of and acquiescence in said performance, Defendant failed to provide her with overtime compensation and other benefits, instead intentionally, willfully and improperly designating Plaintiff as exempt from those payments as a

---

1 Plaintiff designated her employer simply as "Intertek" in her Complaint. According to Defendant, Plaintiff's employer was Intertek, USA, Inc. (*See* Defendant's Brief in Support of Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction and Improper Venue, P. 1 n. 1).
2 The Court's background section is taken from Plaintiff's Complaint, to which Defendant has not yet filed an answer.

result of her position with Defendant. (*Id.*, ¶¶ 11, 12). Plaintiff claims she was not exempt from the payment of overtime compensation, as her actual duties did not involve the exercise of independent judgment or discretion. (*Id.*, ¶ 13).

Plaintiff filed the instant Complaint on June 20, 2020, claiming Defendant's actions violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (Count I). (ECF No. 1). Plaintiff further asserts claims of breach of the covenant of good faith and fair dealing (Count II), breach of contract (Count III), and unjust enrichment (Count IV).

With respect to the propriety of this Court's exercise of personal jurisdiction over Defendant, Plaintiff's sole allegation states as follows: "Intertek has a principal place of business at 1211 Belgrove Dr. St. Louis, Mo 63137. Defendant Intertek does business within the district of this Court." (Compl., ¶ 4). As noted above, Defendant filed the instant Motion to Dismiss on August 21, 2020, contesting Plaintiff's assertion and maintaining it lacks the contacts with the forum necessary for personal jurisdiction to be asserted. (ECF No. 6).

## DISCUSSION

As stated above, in its Motion to Dismiss Defendant contests whether this Court properly may exercise personal jurisdiction over it. "To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that personal jurisdiction exists, which is accomplished by pleading sufficient facts to support a reasonable inference that the defendant [] can be subjected to jurisdiction within the state." *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591-92 (8th Cir. 2011) (internal quotation marks and citations omitted). "Although [t]he evidentiary showing required at the prima facie stage is minimal, the showing must be tested, not by the pleadings alone, but by the affidavits and exhibits supporting or opposing the motion." *Id.* at 592 (internal quotation marks and citations omitted). The Court views the evidence in the light most favorable to the party invoking personal jurisdiction, and resolves all factual conflicts in favor of that

party. *Id.* The party seeking to establish the Court's personal jurisdiction carries the burden of proof, however, and that burden does not shift to the party challenging jurisdiction. *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014).

Personal jurisdiction can be specific or general. *Fastpath, Inc.*, 760 F.3d at 820. "Specific jurisdiction exists 'when a defendant, through its contacts with the forum, purposefully avails itself of the privilege of conducting business in the forum,' and the plaintiff's claim 'aris[es] out of or relat[es] to the defendant's contacts with the forum.'" *White v. Steak N Shake Inc.*, No. 4:20CV323 CDP, 2020 WL 1703938, at *2 (E.D. Mo. Apr. 8, 2020) (quoting *Pangaea v. Flying Burrito, LLC*, 647 F.3d 741, 745-46 (8th Cir. 2011) (internal quotation marks and citation omitted)). On the other hand, general jurisdiction arises when a defendant's contacts with the forum state are so continuous and systematic that the defendant may be subject to suit there for causes of action entirely distinct from the in-state activities. *Clockwork IP, LLC v. Clearview Plumbing & Heating Ltd.*, 127 F.Supp.3d 1020, 1026 (E.D. Mo. 2015). "General 'all-purpose' jurisdiction exists over a corporate defendant in the state(s) where it is incorporated and where its principal place of business is located, as well as in states where its affiliations are so continuous and systematic—even on activities unrelated to the lawsuit—as to render it essentially at home there." *White*, 2020 WL 1703938, at *2 (citing *Daimler AG v. Bauman*, 571 U.S. 117, 137-39 (2014)).[3]

Plaintiff's Complaint does not allege any conduct occurring in Missouri giving rise to her claims. The Court thus considers whether Defendant has the "continuous and systematic" contacts with the state required for general jurisdiction.

As noted above, Plaintiff attempts to establish personal jurisdiction over Defendant with the following allegation: "Intertek has a principal place of business at 1211 Belgrove Dr. St. Louis, Mo

---

3 A corporation's "continuous activity of some sorts within a state" is not enough to subject it to general jurisdiction there. *See Daimler AG*, 571 U.S. at 132.

63137. Defendant Intertek does business within the district of this Court." (Compl., ¶ 4). Defendant counters with a declaration from Frank Bilski, Regional Human Resource Manager for Intertek, USA, Inc. for the United States and Caribbean region, in which he attests in relevant part as follows:

> 4. Emelyn Gilliam was hired on June 1, 2009 to work in the GPB lab located in Prudhoe Bay, Alaska. During all of her employment, Ms. Gilliam was only employed at the Prudhoe Bay, Alaska location.
>
> 5. Intertek USA, Inc. is incorporated in the State of Louisiana and maintains its principal place of business in Texas.
>
> 6. Intertek has 203 locations operating in the USA and has only two facilities located in St. Louis Missouri.
>
> 7. Intertek has 6884 employees in the USA and only employs 46 in the state of Missouri.

(*See* ECF No. 7-1).

Upon consideration of the foregoing, the Court finds it lacks general jurisdiction over Defendant. *See White*, 2020 WL 1703938, at *2. As confirmed by Mr. Bilski, Defendant is neither incorporated in Missouri nor has its principal place of business here. Furthermore, Defendant's operation of two of its 203 facilities in Missouri, with nothing more, does not make it "essentially at home here." *Id.*

> If that is all that is required for general jurisdiction, "the same global reach would presumably be available in every other State" in which [Defendant] operates…."Such exorbitant exercises of all-purpose jurisdiction would scarcely permit out-of-state defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit."

*Id.* (quoting *Daimler AG*, 571 U.S. at 139 (internal quotation marks and citation omitted)). *See also BNSF Ry. Co. v. Tyrrell*, 137 S.Ct. 1549, 1559 (2017) (internal quotation marks and citation omitted) ("A corporation that operates in many places can scarcely be deemed at home in all of them."). Defendant's Motion to Dismiss will therefore be granted.

– 5 –

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 6) is **GRANTED**, and Plaintiff's Complaint is **DISMISSED**. An appropriate Order of Dismissal will accompany this Memorandum and Order.

Dated this 21st Day of September, 2020.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE